IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL GEER,** ) | CASE NO. _____ |
| 3252 YOUNGSTOWN KINGSVILLLE RD., ) | |
| CORTLAND, OHIO 44410, ) | JUDGE _____ |
| ) | |
| Plaintiff, ) | COMPLAINT: |
| ) | (Civil Rights Deprivations) |
| vs. ) | |
| ) | |
| **THOMAS ALTIERE, SHERIFF,** ) | Jury Demand Endorsed Hereon |
| (in his individual and official capacities), ) | |
| **TRUMBULL COUNTY SHERIFF'S OFFICE,** ) | |
| 160 HIGH STREET NE ) | |
| WARREN, OHIO 44481 ) | |
| ) | |
| and ) | |
| ) | |
| **TRUMBULL COUNTY, OHIO** ) | |
| 160 HIGH STREET, 5TH FLOOR, ) | |
| WARREN, OHIO 44481, ) | |
| ) | |
| ) | |
| **COUNTY COMMISSIONERS:** ) | |
| **FRANK S. FUDA,** ) | |
| **MAURO CATALAMASSA,** ) | |
| **DANIEL E.POLIVKA,** ) | |
| 160 HIGH STREET, 5TH FLOOR, ) | |
| WARREN, OHIO 44481, ) | |
| ) | |
| **Defendants.** ) | |

Plaintiff, for his several claims for relief against the Defendants, avers, as of all times pertinent herein, the following matters and things:

**Background and Jurisdiction**

1. This is an action for violation of Plaintiff's First Amendment Right to Freedom of Speech in that Plaintiff suffered an adverse employment action after engaging in constitutionally protected speech.

1

2. Plaintiff Michael Geer is a duly appointed Sheriff's Deputy (hereinafter "Geer") employed by the Defendant Trubmull County, Ohio in the Trumbull County Sheriff's Office and at all relevant times was and/or is under the supervision, in the chain of command of the individual defendant Sheriff Thomas Altiere.

3. Plaintiff brings these claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1983, The First and Fourteenth Amendment of the United States Constitution.

4. Venue is proper for all of Mr. Geer's claims pursuant to 28 U.S.C. § 1391(b) as all of the parties reside within the Northern District of Ohio, and all of the events giving rise to Mr. Geer's claims occurred in this judicial district.

5. Plaintiff raises a Federal Constitutional question over which this Court has original jurisdiction. Mr. Geer's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 42 U.S.C. § 1983.

6. Defendants were, at all relevant times, acting under color of State law within the meaning of the Civil Rights Act of 1871, as amended, 42 U.S.C. §1983 ("§1983").

7. Pursuant to the First Amendment, a State cannot condition the terms and conditions of public employment on a basis that infringes upon an employee's constitutionally protected interest in freedom of expression and speech.

8. Defendants, at all times relevant hereto, were acting in relation to Mr. Geer in employment matters.

9. This Court has jurisdiction over this action by reason of 42 U.S.C. §§2000e, *et seq.* ("Title VII"); and pursuant to the federal Civil Rights Act of 1871, as amended, 42 U.S. Code §1983 ("§1983").

10. This Court has pendent, supplemental and/or ancillary jurisdiction over Ohio statutory and common-law claims by virtue of 28 U.S.C. §1367.

## Count I (Constitutional Violations)

11. All relevant, material and pertinent foregoing averments are reiterated as if restated herein.

12. At all times relevant hereto Mr. Geer has been and currently remains employed as a Deputy Sheriff in the Trumbull County Sheriff's Department.

13. On or about May 8, 2015 Mr. Geer, while at home in his personal residence posted a comment on Facebook commenting on the events in Baltimore, Maryland that followed the unfortunate death of Freddie Gray.

14. Mr. Geer deleted the comment within a matter of minutes of posting it on Facebook.

15. The death of Mr. Gray and the events in the community were and are matters of great public concern.

16. Plaintiff's statements were not motivated by personal animus.

17. The statements did not disrupt the Defendants' ability to perform their job functions and supervise, nor did it cause widespread disharmony within the department.

18. On or about May 8, 2015, Chief Ernest Cook of the Trumbull County Sheriff's Department received a telephone call from Helen Rucker, a City of Warren Councilwoman-at-Large in which Ms. Rucker complained about the comment Mr. Geer had posted on Facebook. She forwarded a copy to Chief Cook.

19. The Sheriff's Department, at the direction of Defendant Altiere, conducted an investigation which included a review of Mr. Geer's Facebook account.

20. Upon information and belief, on or about May 12, 2015 Defendant Altiere made the decision to summarily terminate Mr. Geer. Defendant Altiere delegated the act of terminating Mr. Geer to Major Firster. (See Exhibit A, attached hereto and incorporated herein by reference. (A true copy of the May 12, 2015 memorandum informing Mr. Geer of his termination.)).

21. Defendants had no social media policy at the time.

22. Mr. Geer suffered an adverse employment action when the Defendants launched an investigation and disciplined him for exercising his first amendment right to freedoms of expression and speech.

23. Mr. Geer, through the Ohio Police Benevolent Association, grieved the termination under the terms of the Collective Bargaining Agreement between the OPBA and Trumbull County (hereinafter "CBA").

24. At an initial hearing in May 22, 2015 the discipline was reduced to a thirty day suspension without pay.

25. Through further action under the terms of the CBA, the parties agreed to reduce the discipline to a three day suspension without pay.

26. The matters giving rise to the discipline and the disciplinary process were reported by the local press.

27. Mr. Geer's speech was the motivating factor for the adverse employment action taken by Defendants.

28. The Defendants would not have taken the adverse employment action but for Mr. Geer's protected speech.

29. The Defendants, therefore, have violated the first amendment rights of Mr. Geer.

30. Defendants' have retaliated against Mr. Geer in terms of duty assignments, assignment of a County vehicle for use in the ordinary course of his conducting his job duties and have otherwise subjected him to ridicule and scorn within his employment.

31. Similarly situated employees with less seniority in the Sheriff's Department and/or who have not been disciplined for engaging in expression and speech protected by the First Amendment have been treated more favorably in the terms and conditions of their employment.

32. Defendants' actions have subjected Mr. Geer to scorn and ridicule in the community. Mr. Geer had been a prominent pee-wee football coach in his community for some fourteen years and has since not been asked to return to his prior coaching position.

33. By reason of the foregoing acts and omissions of defendants, and in violation of the U.S. Const., Amend. 1 and 14, plaintiff has been deprived of and denied his U.S. Constitutional rights to freedom of expression and speech, proximately resulting in reasonably foreseeable damages, in indeterminate sums to be proven at trial, in terms of: loss of salary and overtime wages, plus value of fringe benefits, to date of trial ("Back Pay") and, potentially, thereafter ("Front Pay"); mental anguish and emotional distress (requiring continual professional care and treatment); humiliation and disparagement of reputation; impairment and diminution of future earning capacity and career prospect; and general loss of enjoyment of life, all warranting an award of general compensation ("Compensatory Damages"); and exemplary or punitive damages ("Punitive Damages"), which ought to be awarded against

defendants because of their intentional, malicious, willful, wanton and/or reckless violations of plaintiffs' said Constitutional rights.

## Count II (§1983 Violations)

34. All foregoing relevant, material and pertinent averments are reiterated and incorporated herein by reference.

35. Defendants, and each of them, have taken action and/or have adopted customs, policies, practices, procedures or usages, fostering, promoting and/or condoning (and/or they have failed or refused to adopt or observe appropriate measures preventing) discriminatory disparate employment treatment of and/or impact upon Mr. Geer his engagement in protected speech and activities (and in retaliation or reprisal for same), all resulting in unconstitutional deprivations and denials of his rights of free speech and expression under the First and Fourteenth Amendments to the U.S. Constitution.

36. Defendant Altiere's unconstitutional and retaliatory acts, abusive of his power, were committed under color of state law.

37. By reason of the foregoing and the Defendants' violations of §1983, Mr. Geer has been damaged in said sums of Back Pay and Compensatory and Punitive Damages.

WHEREFORE, plaintiff demands:

    **A.** Trial by jury, pursuant to Fed. R. Civ. P. 38 and U.S. Const., Amend. 7, on all issues of law;

    **B.** Judgment against defendants for equitable relief and redress, including declaratory judgments and preliminary and permanent injunctive relief, both prohibitory and mandatory;

C.  Judgment for plaintiff, in accordance with each Count hereof, for said sums of Back and Pay, plus prejudgment interests and costs, as well as reasonable attorneys' and expert witness' fees and expenses under the Civil Rights Attorneys Fees Award Act of 1976, as amended, 42 U.S.C. §1988; and/or

D.  Such other and further relief and redress as is just and equitable under the circumstances.

        Respectfully submitted,

        s/ John F. Myers

        _____
        John F. Myers (#0032779)
        275 North Portage Path #3C
        Akron, Ohio 44303
        330-535-0850
        330-819-3695
        johnmyerscolpa@gmail.com
        Attorney for Plaintiff Michael Geer